JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Daniel P. and Linda S. Lynch | |
| **(b)** County of Residence of First Listed Plaintiff   Mifflin<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>BMZ Law, P.C.      Stephen S. Snook, Esq.<br>20 S. Wayne Street<br>Lewistown, PA 17044   (717) 242-3400 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
Plaintiff
- ☐ 2   U.S. Government
Defendant
- ☐ 3   Federal Question
*(U.S. Government Not a Party)*
- ☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☒ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>New Drug Application<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 U.S.C Section 1332 (Diversity)

Brief description of cause:
This is a products liability claim where Plaintiff driver was badly burned due to defective design.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   7/13/17       SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL P. LYNCH and LINDA S. LYNCH, his wife, 67 Chestnut Street Lewistown, PA 17044 | : : : : | No. |
| Plaintiffs | : : | TYPE OF PLEADING: **COMPLAINT** |
| vs. | : : | TYPE OF CASE: **CIVIL** |
| IC BUS, LLC, a wholly-owned subsidiary of NAVISTAR, INC. 2701 Navistar Drive Lisle, IL 60523 | : : : : : | FILED ON BEHALF OF: **PLAINTIFFS** |
| and | : : | |
| BERGSTROM INC., t/d/b/a BERGSTROM CLIMATE SYSTEMS PO BOX 6007 2390 Blackhawk Road Rockford, IL 61125 | : : : : : | COUNSEL OF RECORD FOR THIS PARTY: |
| Defendants | : : : : : : | STEPHEN S. SNOOK, ESQUIRE I.D. NO. 37077 BMZ LAW, P.C. 20 S. WAYNE STREET LEWISTOWN, PA 17044 (717) 242-3400 |
| | : : : : : : | THOMAS K. HOOPER, ESQUIRE I.D. NO. 72821 BMZ LAW, P.C. 1316 THIRD AVENUE DUNCANSVILLE, PA 16635 (814) 695-2311 |

## THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

---

DANIEL P. LYNCH and LINDA S.  :
LYNCH, his wife,       :  No.
67 Chestnut Street      :
Lewistown, PA 17044     :
    Plaintiffs     :
             :
    vs.       :
             :
IC  BUS, LLC, a wholly-owned  :
subsidiary of NAVISTAR, INC.   :
2701 Navistar Drive      :
Lisle, IL 60523       :
    and      :
             :
BERGSTROM INC., t/d/b/a BERGSTROM :
CLIMATE SYSTEMS     :
PO BOX 6007       :
2390 Blackhawk Road     :
Rockford, IL 61125      :
    Defendants    :

## COMPLAINT

AND NOW, come the Plaintiffs, Daniel P. Lynch and Linda S. Lynch, husband and wife,

by and through their attorneys, Stephen S. Snook, Esquire and Thomas K. Hooper, Esquire, of

BMZ Law, P.C., and file the following Complaint, the following of which is a statement thereof:

## GENERAL AVERMENTS

1. Plaintiffs, Daniel P. Lynch and Linda S. Lynch, are married adults presently residing

at 67 Chestnut Street, Lewistown, Mifflin County, Pennsylvania 17044.

2. Defendant, IC BUS, LLC, a wholly-owned subsidiary of Navistar, Inc., is an Illinois

business corporation whose home office is located at 2701 Navistar Drive, Lisle, Illinois 60523

registered to conduct and regularly conducting business in the Commonwealth of Pennsylvania.

    3.    Defendant, Bergstrom Inc., t/d/b/a Bergstrom Climate Systems, is an Illinois

business corporation whose home office is located at 2390 Blackhawk Road, Rockford, Illinois

61125, registered to conduct and regularly conducting business in the Commonwealth of

Pennsylvania.

    4.    At all times relevant hereto, Defendant, IC BUS, LLC, a wholly-owned subsidiary of

Navistar, Inc., (hereinafter referred to as "Navistar") was in the business of designing, fabricating

and manufacturing school busses and at all times material hereto had designed, fabricated,

manufactured and distributed the subject 2006 Navistar-International ICS Series CE-300 school

bus number 72 to place it in the stream of commerce.

    5.    At times material hereto, Defendant, Bergstrom Inc., t/d/b/a Bergstrom Climate

Systems (hereinafter referred to as "Bergstrom") was in the business of designing, fabricating

and manufacturing the bus heater system which was installed by Defendant Navistar

in the aforementioned school bus, manufactured by Navistar, designated as part number 782517

Serial Number BBGO29455, which Bergstrom sold to the aforesaid Defendant, Navistar, for

inclusion in bus 72 as aforesaid.

    6.    At all times material hereto, the owner of the aforesaid bus number 72 designed and

manufactured by Defendant Navistar was J & D's INC.  J & D INC was at all times material

hereto under contract to provide transportation for students of the Mifflin County School District

and at all times material hereto employed Plaintiff, Daniel Lynch, as a bus driver.

    7.    On or about September 8, 2015, at or about 4:00 p.m. as Plaintiff, Daniel P. Lynch,

was driving the foresaid school bus back to the garage of his foresaid employer on U.S. Route

522, suddenly and without warning, the heater hose on the aforementioned bus heater ruptured

causing the Plaintiff to be splashed with hot scalding liquid upon his face, arms, left leg, and

abdomen.  As a result of the foresaid rupture of the heater hose Plaintiff, Daniel Lynch, sustained

severe scalding burns to his arms, left leg, and abdomen causing extensive damage to his

skin, soft tissue and muscles in those areas along with psychological injuries and anxiety.

8.   Plaintiff, Daniel P. Lynch, sustained serious, painful and permanent injuries as a

result of the aforesaid extensive scalding burns more particularly described above.

## COUNT I – PLAINTIFF, DANIEL P. LYNCH, V. ICBUS LLC. A WHOLLY-OWNED SUBSIDIARY OF NAVISTAR, INC. NEGLIGENCE

9.   Plaintiffs hereby incorporate by reference all averments contained in the preceding

paragraphs, as though the same were fully and severally set forth at length herein.

10.   The serious injuries and damages to Plaintiff Daniel Lynch were the direct,

proximate and foreseeable result of the negligence, carelessness or recklessness of Defendant,

Navistar, its agents, servants and employees, acting within the scope of their employment,

including the following:

      a.   in negligently or improperly designing, manufacturing, fabricating,

      supplying, distributing or selling the aforementioned 2006 Navistar school bus

      identified as bus number 72 with a defective, improper and inadequately designed

      heater system using inadequate and defective hoses;

      b.   in failing to provide a high-strength durable hose that would not be adversely

      affected and rupture as the hot 160 degree liquid and internal pressures would

      build up and vary through the many cycles of usage;

      c.   in failing to design and provide a fail-safe shielding system so that any hot

coolant would not be expulsed into the bus interior, including adjacent to the driver's legs and left side;

d.    in failing to include a warning light that would alert the driver and any mechanics that the protective cover was not in place, and an automatic shut-off or stop to prevent the coolant from flowing through the tubes into the bus interior;

e.    in failing to provide a design which would route the heater line and connections beneath the bus floorpan, so that the hot coolant lines would all be external or outside of the bus interior, so that any failure would not cause any hot coolant to be expulsed inside the bus;

f.    in failing to design and provide for any automatic mechanism which would detect any failure and shut off the flow of the hot coolant to the bus interior in the event of any failure;

g.    in failing to design and provide any protective shields surrounding the main tubes that carried the hot liquid coolant and in failing to enclose those tubes with protective shields as a safety barrier in case of the failure of the tubes and/or their connection;

h.    in failing to provide and design proper and necessary mechanisms or safeguards required to prevent the failure of the heater hose as set forth herein; and,

i.    in placing the aforesaid Navistar bus into the stream of commerce with the above described defective design at construction.

j.    in failing to recall and remedy the defective heater hoses for the subject 2006 through 2010 Navistar IC school busses of the Series CE as they did for the

similar 2011 through 2016 models, particularly in light of the fact they were

aware of a number of similar failures of these hoses producing coolant burns

**prior** to the injury which occurred to Plaintiff, Daniel P. Lynch.

11.   As a result of the negligence, carelessness and recklessness of Defendant, Navistar,

Plaintiff, Daniel P. Lynch, has suffered damages as set for herein.

12.   Plaintiff, Daniel P. Lynch, sustained painful, severe and permanent injuries which

include, but are limited to those listed above.

13.   By reason of the aforesaid injuries sustained by Plaintiff, Daniel P. Lynch, he was

forced to incur liability for medical treatments, medication, hospitalizations and similar

miscellaneous expenses in an effort to restore himself to health, and claim is made therefor.

14.   Because of the nature of his injuries, Plaintiff, Daniel P. Lynch, has been advised,

and therefor avers that he may be forced to incur similar expenses in the future, and claim is

made therefor.

15.   As a result of the aforementioned injuries, Plaintiff, Daniel P. Lynch, has undergone,

and in the future will undergo, great physical and mental suffering, great inconvenience in

carrying out his daily activities, loss of life's pleasures and enjoyment, and claim is made

therefor.

16.   As a result of the aforementioned injuries, Plaintiff, Daniel P. Lynch, has been, and

in the future will be, subject to great humiliation and embarrassment, and claim is made therefor.

17.   As a result of the aforementioned injuries, Plaintiff, Daniel P. Lynch, has sustained

work loss, loss of opportunity and a permanent diminution of his earning power and capacity,

and claim is made therefor.

18.   As a result of the aforementioned injuries, Plaintiff, Daniel P. Lynch, has sustained

uncompensated work loss, and claim is made therefor.

19.  Plaintiff, Daniel P. Lynch, continues to be plagued by persistent pain and limitation and therefor avers that his injuries may be of a permanent nature, causing residual problems for the remainder of his lifetime, and claim is made therefor.

20.  As a result of the aforementioned injuries, Plaintiff, Daniel P. Lynch, has sustained scars which will result in permanent cosmetic disfigurement, and claim is made therefor.

**WHEREFORE,** Plaintiff, Daniel Lynch, demands damages against Defendant Navistar in an amount in excess of $75,000, plus costs of suit awarded and interest.

## COUNT II – PLAINTIFF, DANIEL P. LYNCH, V. IC BUS LLC. A WHOLLY-OWNED SUBSIDIARY OF NAVISTAR, INC. BREACH OF WARRANTY

21.  Plaintiffs hereby incorporate by reference all averments contained in the preceding paragraphs, as though the same were fully and severally set forth at length herein.

22.  Defendant, Navistar, breached and the express and implied warranties of merchantability or fitness for a particular purpose for which the aforesaid school bus was designed, fabricated, manufactured, supplied or sold, including the following:

> a.  the design of the heating system identified above was unreasonably dangerous and defective and was not adequately, properly and safely accomplished;
>
> b.  the aforesaid bus heater components and the substandard and defective design of the bus and its heater system were not of fair, average quality of the trade in which Defendant, Navistar, dealt;
>
> c.  the heater components and the unreasonably dangerous and defective design of the bus and heater system as set forth above was not fit for the ordinary

purpose for which it was customarily used;

d.   Defendant Navistar knew or should have known of the dangers resulting from the design of the bus and heater system and that they were unreasonably dangerous and defective, and likely to cause the type of damage that occurred, particularly in light of the fact that a number of similar failures causing injury in the same manner had been reported to the Defendant.  In fact, the National Highway Transportation and Safety Administration issued a recall number 16V-837 applicable to Navistar IC school busses detailing this precise failure and the dangers of injury from it;

e.   Defendant, Navistar, knew or should have known of the dangerous and defective condition of the aforesaid bus design and heater system and its components, and should have warned users of its dangerousness and should have recalled and replaced this dangerous design with the design changes they made to their heater hoses on new buses manufactured after March of 2015;

f.   Defendant, Navistar, impliedly warranted the aforesaid bus and its heating system and component parts as fit for the uses and purposes for which they were designed, manufactured, fabricated, sold or supplied, and that they were safe for use by Plaintiff, Daniel P. Lynch; and

g.   the aforesaid school bus and its heater system and components were defective and dangerous and were not fit for the intended purpose and were in fact unreasonably dangerous and defective in design.

23.  As a result of Defendant, Navistar's, breach of warranty as set forth above, Plaintiff, Daniel P. Lynch, sustained damages hereinabove described.

**WHEREFORE,** Plaintiff, Daniel P. Lynch, demands damages against Defendant Navistar in an amount in excess of $75,000, plus costs of suit awarded and interest.

## COUNT III – PLAINTIFF, DANIEL P. LYNCH, V. IC BUS LLC. A WHOLLY-OWNED SUBSIDIARY OF NAVISTAR, INC.
## STRICT PRODUCTS LIABILITY UNDER RESTATEMENT 2d TORTS,SECTION 402A

24.  Plaintiffs hereby incorporate by reference all averments contained in the preceding paragraphs, as though the same were fully and severally set forth at length herein.

25.  The aforesaid school bus and its heater and component parts were defective and unreasonably dangerous in design and use and caused injury to Plaintiff, Daniel Lynch.  The design defects are detailed extensively and with particularity in paragraphs ten (10) and twenty-two (22) and that defective and dangerous condition existed when Defendant, Navistar, sold or supplied the bus and its heater along with its component parts to Plaintiff, Daniel Lynch, who was the ultimate consumer or user thereof, without substantial change in the condition in which they were manufactured.

26.  At all times relevant hereto, Plaintiff, Daniel Lynch, was using the aforesaid school bus and heater components as they were intended by Defendant, Navistar.

27.  The unreasonably dangerous and defective design and construction of the bus heater system as described in paragraphs ten (10) and twenty-two (22) were the direct and proximate cause of all of Plaintiff's damages as more fully described herein above.

**WHEREFORE,** Plaintiff, Daniel Lynch, demands damages against Defendant Navistar in an amount in excess of $75,000, plus costs of suit award and interest.

## COUNT IV – PLAINTIFF, DANIEL P. LYNCH, V. BERGSTROM, INC. NEGLIGENCE

28.   Plaintiffs hereby incorporate by reference all averments contained in the preceding paragraphs, as though the same were fully and severally set forth at length herein.

29.   The serious injuries and damages to Plaintiff, Daniel Lynch, were the direct, proximate and foreseeable result of the negligence, carelessness or recklessness of Defendant, Bergstrom, Inc., its agents, servants and employees, acting within the scope of their employment, including the following:

> a.   in negligently or improperly designing, manufacturing, fabricating, supplying, distributing or selling the aforementioned defective improperly and inadequately designed heater system identified in paragraph five (5);

> b.   in failing to provide a high-strength durable heater hose that would not be adversely affected and rupture as the hot, 160 degree liquid and internal pressures would build up and vary through the many cycles of usage;

> c.   in failing to design and provide a fail-safe shielding system so that any hot coolant that would not be expulsed so that any hot coolant would not be expulsed into the bus interior including adjacent to the driver's legs and left side;

> d.   in failing to include a warning light that would alert the driver and any mechanics that the protective cover was not in place, and an automatic shut-off or stop to stop the coolant from flowing through the tubes into the bus interior;

> e.   in failing to design and provide for any automatic mechanism which would detect any failure and shut off the flow of the hot coolant to the bus interior in the event of any failure;

f.   in failing to design and provide any protective shields surrounding the main tubes that carried the hot liquid coolant and in failing to enclose those tubes with protective shields as a safety barrier in case of the failure to the tubes and/or their connection;

g.   in failing to provide and design and proper and necessary mechanisms or safeguards required to prevent the failure of the heater hose as set forth herein; and,

h.   in placing the aforesaid bus heating system into the stream of commerce with the above described defective design at construction;

i.   in failing to recall and remedy the defective heater hoses for the subject bus heating system after they were aware of failures of heating hoses producing coolant burns in similar circumstances prior to the injury which occurred to the Plaintiff, Daniel P. Lynch.

30.  As a result of the negligence, carelessness and recklessness of Defendant, Bergstrom, Inc., Plaintiff, Daniel P. Lynch, has suffered damages as set for herein.

**WHEREFORE,** Plaintiff, Daniel Lynch, demands damages against Defendant Bergstrom, Inc. in an amount in excess of $75,000, plus costs of suit awarded and interest.

## COUNT V – PLAINTIFF, DANIEL P. LYNCH, V. BERGSTROM, INC. BREACH OF WARRANTY

31.  Defendant, Navistar, breached and the express and implied warranties of merchantability or fitness for a particular purpose for which the aforesaid school bus was designed, fabricated, manufactured, supplied or sold, including the following:

a.   the design of the heating system identified above was unreasonably dangerous and defective and was not adequately, properly and safely

accomplished;

b.   the aforesaid bus heater components and the substandard and defective design of the bus and its heater system were not of fair, average quality of the trade in which Defendant, Bergstrom, dealt;

c.   the heater components and the unreasonably dangerous and defective design of the heater system as set forth above was not fit for the ordinary purpose for which it was customarily used;

d.   Defendant Bergstrom knew or should have known of the dangers resulting from their design of the bus heater system, that it was unreasonably dangerous and defective and likely to cause the type of damage that occurred, particularly in light of the fact that a number of similar failures causing injury in the same manner had been reported to the Defendant.  In fact, the National Highway Transportation and Safety Administration issued a recall number 16V-837 applicable to Navistar IC school busses detailing this precise failure and the dangers of injury from it;

e.   Defendant, Bergstrom, knew or should have known of the dangerous and defective condition of the aforesaid design of the bus heater system and its components and should have warned users of its dangerousness and should have recalled and replaced this dangerous design;

f.   Defendant, Bergstrom, impliedly warranted the aforesaid bus heating system and component parts as fit for the uses and purposes for which they were designed, manufactured, fabricated, sold or supplied, and that they were safe for use by Plaintiff, Daniel Lynch; and

g.   the aforesaid school bus heater system and components were defective

and dangerous and were not fit for the intended purpose and were in fact

unreasonably dangerous and defective in design.

32.   As a result of Defendant, Bergstrom's, breach of warranty as set forth above,

Plaintiff, Daniel P. Lynch, sustained damages hereinabove described.

**WHEREFORE,** Plaintiff, Daniel Lynch, demands damages against Defendant

Bergstrom in an amount in excess of $75,000, plus costs of suit award.

### COUNT VI – PLAINTIFF, DANIEL LYNCH, V. BERGSTROM, INC.
### STRICT PRODUCTS LIABILITY UNDER RESTATEMENT 2d TORTS,SECTION 402A

33.   Plaintiffs hereby incorporate by reference all averments contained in the preceding

paragraphs, as though the same were fully and severally set forth at length herein.

34.   The aforesaid school bus heater system and component parts were defective and

unreasonably dangerous in design and use, and caused injury to Plaintiff, Daniel P. Lynch.  The

design defects are detailed extensively in paragraphs twenty-nine (29) and thirty-one (31) and

that defective and dangerous condition existed when Defendant, Bergstrom, sold or supplied the

bus and its heater along with its component parts to Plaintiff, Daniel P. Lynch, who was the

ultimate consumer or user thereof without substantial change in the condition in which they were

manufactured.

35.   At all times relevant hereto, Plaintiff, Daniel Lynch, was using the aforesaid school

bus and heater components as they were intended by Defendant, Bergstrom.

36.   The unreasonably dangerous and defective design and construction of the bus heater

system as described in paragraphs twenty-nine (29) and thirty-one (31) were the direct and

proximate cause of all of Plaintiff's damages as more fully described herein above.

**WHEREFORE,** Plaintiff, Daniel P. Lynch, demands damages against Defendant

Bergstrom in an amount in excess of $75,000, plus costs of suit award and interest.

## COUNT VII – PLAINTIFF, LINDA S. LYNCH, V. IC BUS LLC. A WHOLLY-OWNED SUBSIDIARY OF NAVISTAR, INC. LOSS OF CONSORTIUM

37.  Plaintiffs hereby incorporate by reference all averments contained in the preceding

paragraphs, as though the same were fully and severally set forth at length herein.

38.  As a result of the aforementioned injuries sustained by her husband, Plaintiff, Daniel

P. Lynch, Linda S. Lynch, has been, and may in the future be, deprived of the care,

companionship, consortium and society of her husband, all of which will be to her great

detriment, and claim is made therefor.

**WHEREFORE,** Plaintiff, Linda S. Lynch, demands damages against Defendant,

Navistar, Inc. in an amount in excess of $75,000, plus costs of suit awarded and interest.

## COUNT VIII – PLAINTIFF, LINDA S. LYNCH, V. BERGSTROM, INC. LOSS OF CONSORTIUM

39.  Plaintiffs hereby incorporate by reference all averments contained in the preceding

paragraphs, as though the same were fully and severally set forth at length herein.

40.  As a result of the aforementioned injuries sustained by her husband, Plaintiff, Daniel

P. Lynch, Linda S. Lynch, has been, and may in the future be, deprived of the care,

companionship, consortium and society of her husband, all of which will be to her great

detriment, and claim is made therefor.

**WHEREFORE,** Plaintiff, Linda S. Lynch, demands damages against Defendant,

Bergstrom, Inc. in an amount in excess of $75,000, plus costs of suit awarded and interest.

BMZ LAW, P.C.

By:_____
Stephen S. Shook, Esquire
Attorney for Plaintiffs
20 S. Wayne Street
Lewistown, PA 17044
(717) 242-3400
Supreme Court I.D. 37077

By:_____
Thomas K. Hooper, Esquire
Attorney for Plaintiffs
1316 Third Avenue
Duncansville, PA 16635
(814) 695-2311
Supreme Court I.D. 72781

DATED:
7/11/17

## **VERIFICATION**

We hereby affirm that the following facts are true and correct:

We are the Plaintiffs in the foregoing action; the attached Complaint is based upon information which has been furnished to counsel and information which has been gathered by counsel in the preparation of the prosecution of this lawsuit. The language of the Complaint is that of counsel and not of us. We have read the Complaint and to the extent that the same is based upon information which we have given to counsel, it is true and correct to the best of our knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, we have relied upon counsel in making this verification. We hereby acknowledge that the facts set forth in the Complaint are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.


_Daniel P. Lynch_
Daniel P. Lynch


_Linda S. Lynch_
Linda S. Lynch


DATED: